IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES D. WILLINGHAM, )
)
       Plaintiff, )
)
v. ) 1:12CV1104
)
LYNN SUMMERS, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

     Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.      Pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

     28 U.S.C. § 1915(g).

Plaintiff has had at least three cases dismissed for being frivolous, malicious, or failing to state a claim, as well as multiple cases dismissed for being barred under § 1915(g). See Willingham v. Jackson, 5:11-ct-03162-D, Order of Dismissal, at *2 (E.D.N.C. April 24, 2012) (unpublished order discussing Plaintiff's prior dismissals). It is true that Plaintiff can proceed *in forma pauperis* if he is in imminent danger of serious physical injury. However, Plaintiff's Complaint is rambling, and most of it consists of allegations regarding alleged improper comments by Defendants and Plaintiff's belief that they favor black persons. Plaintiff includes a general statement about the medical department in the prison and an allegation that he lost weight due to a problem with medication. However, as he has been told in the past, such vague and conclusory allegations are not sufficient to meet the exception to § 1915(g). See Willingham, 5:11-ct-03162-D, Order of Dismissal at *2-3.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, along with the applicable $350.00 filing fee.[1] To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms and instructions.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

---

[1] Plaintiff claims under penalty of perjury in his *in forma pauperis* application that he has several billion dollars in assets. Based on this claim, he would be required to pay the filing fee in any event.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint accompanied by the applicable $350.00 filing fee.

This, the 7th day of June, 2013.

                                              /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge